## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JASON SORNBERGER,
    Plaintiff,

vs.                                                           06-4027

SHERIFF GILBERT CADY, et. al.
    Defendants.

### ORDER

This cause is before the court for case management. The plaintiff, a former state prisoner, brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims the defendants violated his constitutional rights while he was at the Henry County Jail.

The plaintiff has filed a one page letter asking to dismiss his case. The letter asks to dismiss the case under the terms of "Mutual Release." [d/e 14] "Under these terms, I...will not be held responsible or obligated to pay no court costs or attorney fees." *Id.* The defendants have responded that the plaintiff did not provide them with a copy of his letter and while they are not opposed to dismissing the case, they are unaware of any "mutual release" terms. [d/e 15]

In addition, the court has now received a letter from the Illinois Department of Corrections dated January 10, 2007 that states the plaintiff has been released from Shawnee Correctional Center. On June 6, 2006, the plaintiff was informed that he must "immediately" notify the court of any change in his mailing address or telephone number. *See* June 6, 2006 Court Order. Three months have pasted, and the plaintiff has failed to provide the court with his new address and telephone number. The court has no way to contact the plaintiff.

The plaintiff's motion to dismiss the case is denied. [d/e 14]. The plaintiff has failed to provide any evidence of a "mutual release' agreement with the defendants. In addition, the court cannot waive the filing fee in this case.

On its own motion, the court will dismiss this case for lack of prosecution due to the plaintiff's failure to provide the court with his current address and telephone number.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to dismiss the complaint is denied. [d/e 14]**

**2) The clerk is directed to dismiss this case in its entirety without prejudice for failure to prosecute with due diligence. *See* Fed. R.Civ. P. 41(b).**

**3) Although his case is dismissed, without prejudice, the plaintiff is still obligated to pay the $350 docketing fee. See 28 U.S.C. § 1915. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

Enter this 19th day of April, 2007.

                                  s\Harold A. Baker
                _____
                                   **HAROLD A. BAKER**
                              **UNITED STATES DISTRICT JUDGE**